NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                               :
SHARROD KING,                  :
                               :
          Plaintiff,           :      Civil No. 13-3433 (JBS)
                               :
     v.                        :
                               :
C. CHRISTIE, et al.,           :      OPINION
                               :
          Defendants.          :
                               :
_____:
```

**APPEARANCES:**

Sharrod King, *Pro Se*
# 654916/617696-B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

**SIMANDLE, Chief Judge**

   Plaintiff, Sharrod King, confined at the New Jersey State Prison, Trenton, New Jersey, filed this civil action alleging violations of his constitutional rights.  This Court issued an Order administratively terminating the case for failure to pay the filing fee or to properly apply to proceed *in forma pauperis* ("IFP")(Docket Item 2).  Plaintiff has since provided an IFP application (Docket Items 4, 5).  Based on the application to proceed IFP, the Court will grant Plaintiff's application pursuant to 28 U.S.C. § 1915(a) and

order the Clerk of the Court to reopen this case and file the complaint.

The Court must now review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's complaint should be partially dismissed against certain defendants for failure to state a claim.

## BACKGROUND

Plaintiff seeks to sue numerous defendants, including: New Jersey Governor Chris Christie; Commissioner of the Department of Corrections, Gary Lanigan; Administrator of the Southern State Correctional Facility, C. Ray Hughes; and three officers at the Southern State Correctional Facility, Sheppard, Mercado, and Redmond. (Complaint, ¶ 4).

Plaintiff alleges that on March 13, 2013, while housed at Southern State Correctional Facility, he was assaulted by Officer Sheppard. He states that Defendant Sheppard:

> grabbed my right arm, and pulled it back beyond normal range of extension, causing injury to my right shoulder. The cuffs were then placed onto my wrists and Officer Sheppard began to punch me on both sides of my face and to the back of my head. Then he stood and kicked me a number of times to my right ribs causing severe pain and soreness. Then Officer then placed his foot onto the back of my head

>   and forcefully pressed my face into the floor by pressing
>   my head down with his foot.

(*Id.*).

When a nurse came to examine him, as was the practice when inmates were taken to detention, Plaintiff told the nurse he was assaulted but Officer Mercado told the nurse that Plaintiff was lying and "ushered/directed her away from me denying me medical attention." (*Id.*). When Sergeant Redmond visited Plaintiff in lock up, Plaintiff "informed her of the situation and told her [he] needed medical attention. She told [him] if [he] ever said anything about this again, she would have [an] officer come into that cell and beat [him]." (*Id.*). When Plaintiff was transferred to New Jersey State Prison, he told medical staff what happened at Southern State and was treated for his injuries with x-rays and pain medication. (*Id.*).

Plaintiff does not state any facts or claims against Defendants Christie, Lanigan, and Hughes. He asks for monetary damages under 42 U.S.C. § 1983.

## DISCUSSION

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. §

1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

3.  **Plaintiff's Complaint**

    A.  <u>Claims Against Defendants Christie, Lanigan, and Hughes</u>

    Plaintiff seeks to sue defendants Christie, Lanigan and Hughes, presumably for their roles as superiors to the officers involved in his case. As noted, Plaintiff does not assert any facts against these defendants; thus, under *Iqbal*, these defendants must be dismissed *sua sponte*.

    Additionally, as a general rule, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Iqbal*, 556 U.S. at 676; *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978)(finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). In *Iqbal*, the Supreme Court held that "[b]ecause vicarious or supervisor liability is inapplicable to *Bivens* and [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, each government official is liable only for his or her own conduct. The Supreme Court rejected the contention that supervisor liability can be imposed where the official had only "knowledge" or "acquiesced" in their subordinates' conduct. *See id.* at 693.

Under pre-*Iqbal* Third Circuit precedent, "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 127 n.5 (3d Cir. 2010) (citation and internal quotations omitted). "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." *Id.* at 130 (citation and internal quotations omitted.)

The Third Circuit has recognized the potential effect *Iqbal* might have in altering the standard for supervisory liability in a section 1983 suit but, to date, has declined to decide whether *Iqbal* requires narrowing the scope of the test. *See Santiago*, 629 F.3d at 130 n.8; *Bayer v. Monroe County Children and Youth Servs.*, 577 F.3d 186, 190 n.5 (3d Cir. 2009) (stating in light of *Iqbal*, it is uncertain whether proof of personal knowledge, with nothing more, provides sufficient basis to impose liability upon supervisory official).

Therefore, it appears that, under a supervisory theory of liability, personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right. *See Williams v. Lackawanna Cnty. Prison*, CV-07-1137, 2010 WL 1491132, at *5 (M.D. Pa. Apr. 13, 2010).

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; *e.g.*, supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks*, 885 F.2d 1099, 1117-18 (3d Cir. 1989); *see also Iqbal*, 556 U.S. at 676-686.

Here, Plaintiff alleges no facts regarding these Defendants' personal involvement in the alleged deprivation of Plaintiff's constitutional rights. Accordingly, this Court will dismiss the claims against these defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

B. <u>Claims Against Officers</u>

Plaintiff's claims against Officers Sheppard, Mercado and

Sergeant Redmond shall proceed at this time, as Plaintiff has alleged facts sufficient to satisfy *Iqbal* for excessive use of force and denial of medical care against these officers. At this early point in the litigation, however, this Court makes no findings as to the veracity of Plaintiff's claims as set forth in his complaint. These Defendants will be ordered to answer the allegations.

## CONCLUSION

For the reasons stated above, Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted against defendants Christie, Lanigan and Hughes. The litigation shall proceed against the Officer Defendants. An appropriate Order follows.

                                      **s/ Jerome B. Simandle**
                                      JEROME B. SIMANDLE, Chief Judge
                                      United States District Court

Dated:    **April 25, 2014**