IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARROD KING, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 13-3433 (JBS-AMD) |
| T. SHEPPARD, et al., | |
| Defendants. | **OPINION** |

APPEARANCES:

SHARROD KING, Plaintiff <u>pro se</u>
#654916/617696-B
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

GREGORY R. BUENO, ESQ.
OFFICE OF THE ATTORNEY GENERAL
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants Redmond and Chris Mercardo

**SIMANDLE, Chief Judge:**

# I.   INTRODUCTION

This matter comes before the Court on the Motion of

Defendants Mercardo[1] and Redmond ("Defendants") (Docket Entry

26). Pro se Plaintiff Sharrod King ("Plaintiff") did not file

opposition to the motion. The motion is being considered on the

---

[1] Improperly pled as "Mercado."

papers pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion shall be granted.

## II.   BACKGROUND

### A. Procedural History

Plaintiff filed this complaint on June 3, 2013. (Docket Entry 1). By order dated June 11, 2013, this Court administratively terminated the complaint. (Docket Entry 2). After Plaintiff submitted an application to proceed *in forma pauperis*, (Docket Entries 4 and 5), the Court directed the Clerk to file the complaint. (Docket Entry 6). The Court also screened the complaint pursuant to 28 U.S.C. § 1915 and ordered certain defendants dismissed from the case. (Docket Entry 6). The complaint was permitted to proceed against Officers Sheppard, Mercardo, and Redmond. (Docket Entry 6).

Plaintiff filed an amended complaint as well as a motion to appoint pro bono counsel on September 5, 2014. (Docket Entries 9 and 10).[2] Magistrate Judge Ann Marie Donio denied Plaintiff's motion for the appointment of counsel on September 18, 2014. (Docket Entry 11). With the Court's permission, Defendants Mercardo and Redmond filed the instant summary judgment motion

---

[2] The amended complaint added Disciplinary Hearing Officer J. Zimmerman as a defendant. (Docket Entry 9 at 2). Zimmerman does not appear to have been served a copy of the amended complaint. It also appears Defendant Sheppard was never served with a copy of the original complaint. (Docket Entry 13).

on March 26, 2015. (Docket Entry 6). On April 20, 2015, Plaintiff moved to stay the proceedings in order to retain counsel. (Docket Entry 27). Magistrate Judge Donio denied that motion on May 7, 2015. (Docket Entry 29). To date, Plaintiff has not filed any objection to the summary judgment motion.

**B. Factual Background**

    *1.   Allegations in the Pleadings*

On March 13, 2013, Plaintiff was allegedly in a fight with another inmate at Southern State Correctional Facility ("SSCF"). (Docket Entry 9 at 3). Several officers responded to an emergency code called by Officer Buswell, including Defendant Sheppard. (Docket Entry 9 at 3).

At the time Defendant Sheppard arrived at the scene of the alleged fight, Plaintiff was lying face-down on the bathroom floor. (Docket Entry 9 at 3). Defendant Sheppard lifted Plaintiff's head and proceeded to slam Plaintiff's face into the floor. He also grabbed Plaintiff's right arm and "stretched it upward, beyond the limit, causing injury to [Plaintiff's] shoulder." (Docket Entry 9 at 3). Plaintiff was then handcuffed and removed from the unit. Defendant Sheppard escorted Plaintiff to the bottom floor, threatening and calling Plaintiff "vulgar names" along the way. (Docket Entry 9 at 3).

Plaintiff was taken to detention for evaluation by a nurse. (Docket Entry 9 at 3). He attempted to report Defendant

Sheppard's assault on him at that time; however, Defendant Mercardo intervened by steering the nurse away and claiming Plaintiff was lying about the assault. (Docket Entry 9 at 3). Defendant Redmond visited Plaintiff later that evening and threatened him that if he tried to tell anyone else about the assault, she would "send officers to [Plaintiff's] cell to beat [him] until [he] could no longer remember [his] name." (Docket Entry 9 at 3).

Plaintiff was charged with fighting with another inmate and taken before Defendant Zimmerman. (Docket Entry 9 at 4). Defendant Zimmerman found Plaintiff guilty of the offense and sentenced him to 120-days in administrative segregation, 120-days loss commutation credits, and 10-days detention. (Docket Entry 9 at 4). Plaintiff appealed, and the New Jersey Appellate Division ordered a rehearing. (Docket Entry 9 at 4). At the rehearing on April 30, 2014, a different hearing officer found Plaintiff not guilty of the offense. (Docket Entry 9 at 4). Plaintiff asserts that as a result of the guilty finding from Defendant Zimmerman, he was removed from a substance abuse program and denied the opportunity to enter into a halfway house or community release program. (Docket Entry 9 at 4).

Plaintiff states that the assault resulted in permanent injuries to his right shoulder. (Docket Entry 9 at 4). He also asserts mental and psychological suffering.

4

*2.   Defendants' Statement of Facts*

Defendants Redmond and Mercardo argue the claims against them should be dismissed as Plaintiff failed to exhaust his administrative remedies. They argue Plaintiff was incarcerated at the time the alleged assault occurred, (Defendants' Statement of Material Facts ¶ 1); the date on which Plaintiff submitted his original complaint, (Defendants' Statement of Material Facts ¶ 2); and the date on which the amended complaint was filed, (Defendants' Statement of Material Facts ¶ 2). Plaintiff had previously used the facilities' grievance procedures, but none of the filed grievances related to the allegations contained in the complaint. (Defendants' Statement of Material Facts ¶¶ 7-8).

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law, and disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Ibid.*

The non-moving party "'need not match, item for item, each piece of evidence proffered by the movant,'" but must simply present more than a "mere scintilla" of evidence on which a jury could reasonably find for the non-moving party. *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Anderson, 477 U.S. at 252). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," no genuine issue for trial exists and summary judgment shall be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted). The Court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007).

## IV. DISCUSSION

Plaintiff, proceeding in this case pro se, has not filed any opposition to the instant motion. Plaintiff's failure to respond "is not alone a sufficient basis for the entry of a summary judgment." *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review,* 922 F.2d 168, 175 (3d Cir. 1990). The Court must still determine whether granting summary judgment is appropriate. *See* Fed. R. Civ. Pro. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may

grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it."); *see also Muskett v. Certegy Check Servs., Inc.*, No. 08-3975 (JBS/JS), 2010 WL 2710555, at *3 (D.N.J. July 6, 2010) (citing *Anchorage Assocs.*). The Court does, however, deem Defendants' facts undisputed for the purposes of this motion. Fed. R. Civ. Pro. 56(e)(2); Local Civ. R. 56.1(a).

Defendants argue they are entitled to judgment as a matter of law because Plaintiff failed to exhaust his administrative remedies on the claims raised in the complaint. The Prison Litigation Reform Act ("PLRA") states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). As an affirmative defense, Defendants bear the burden of proof. *See Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

The exhaustion requirement contemplates that the prisoner must bring a grievance to the attention of the appropriate prison official so that he or she may respond to the grievance on its merits before the prisoner resorts to the courts. *Spruill v. Gillis*, 372 F.3d 218, 227 (3d Cir. 2004); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (indicating PLRA "afford[s] corrections officials time and opportunity to address complaints

7

internally before allowing the initiation of a federal case."). After filing an initial complaint, the prisoner must carry the grievance through any available appeals process. *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000). Thus, a prisoner has not exhausted administrative remedies until the prisoner has pursued a grievance through each level of appeal available within the prison system. *Spruill*, 372 F.3d at 232.

In support of their motion, Defendants have submitted the declaration of Jessica Smith ("Smith Declaration"), New Jersey State Prison's ("NJSP") Litigation Liaison and Inmate Remedy Coordinator, along with various administrative records pertaining to Plaintiff and portions of the NJSP Inmate's Handbook. (Smith Declaration ¶¶ 2, 5). The handbook sets forth the manner in which inmates are to file administrative grievances with NJSP, including the appeals process. (Docket Entry 26-2 at 12-15). According to the documents produced by Defendants, Plaintiff filed five grievance forms at NJSP between March and October 2013, (Smith Declaration ¶ 14; Docket Entry 26-2 at 17), none of which concerned the claims he now makes against the moving Defendants. (Docket Entry 26-2 at 18-40).

Defendants also submitted the declaration of Patricia Mansell ("Mansell Declaration"), SSCF's Inmate Remedy Coordinator, and portions of SSCF's Inmate Handbook. (Docket Entry 26-3). According to the documents produced by Defendants,

8

Plaintiff filed one grievance form during the relevant time period, which was unrelated to the instant complaint. (Mansell Declaration ¶ 14; Docket Entry 26-3 at 17).

The Court finds that no reasonable jury could conclude Plaintiff was unaware of the grievance procedures at NJSP and SSCF as he used them on at least six occasions. Likewise, no reasonable jury could conclude these procedures were unavailable to Plaintiff as he received responses to each filed grievance. In spite of being aware of the available remedies, Plaintiff failed to exhaust them prior to filing his complaint in accordance with 42 U.S.C. § 1997e. As a reasonable jury could not rule in Plaintiff's favor on the issue of exhaustion, Defendants have met their burden of proof and are entitled to judgment as a matter of law. The claims against the moving Defendants shall be dismissed without prejudice as the handbooks do not appear to set a "limitations period" on the filing of inmate grievances. (Docket Entry 26-2 at 12-15; Docket Entry 26-3 at 12-15); *see also* N.J. ADMIN. CODE 10A:1-4.5.[3]

To the extent the complaint raises claims against moving Defendants in their official capacities, those claims are barred by the Eleventh Amendment. "A suit against a public official

---

[3] *Cf. Mitchell v. Horn*, 318 F.3d 523, 528-29 (3d Cir. 2003)(noting failure to exhaust remedies could not be cured when state law only provided inmates "fifteen days 'after the events upon which the claims are based' to file a grievance."),

"'in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . .'" *Printz v. United States*, 521 U.S. 898, 930–31 (1997) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Plaintiff's claims against the moving Defendants in their official capacities are dismissed with prejudice.

**V. CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment is granted. An accompanying Order will be entered.


**November 9, 2015**                    **s/ Jerome B. Simandle**
Date                                                  JEROME B. SIMANDLE
                                                          Chief U.S. District Judge